# Exhibit 1

# Plaintiff's Original Petition

FILED - 9/15/2020 1:01 PM
2020-DCL-04398 / 46246355
ELVIRA S. ORTIZ
Cameron County District Clerk
By Susana Anzaldua Deputy Clerk

CAUSE NO. 2020-DCL-04398

| | | |
|---|---|---|
| **JESUS YANEZ,** | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | Cameron County - 138th District Court |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| **DISH NETWORK, L.L.C. d/b/a DISH** | § | |
| **NETWORK, and ECHOSPHERE, L.L.C.** | § | |
| **d/b/a DISH NETWORK,** | § | |
| Defendants | § | CAMERON COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **JESUS YANEZ**, Plaintiff in the above-entitled and numbered cause, and files this his Original Petition, and for cause of action would respectfully show the following:

**I. Discovery Plan**

Discovery is intended to be conducted under Level 3 of Rule 190.4 of the Texas Rules of Civil Procedure.

**II. Parties**

Plaintiff **JESUS YANEZ** is a resident of Cameron County, Texas.

Defendant **DISH NETWORK, L.L.C. d/b/a DISH NETWORK** is a foreign limited liability company that may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

Defendant **ECHOSPHERE, L.L.C. d/b/a DISH NETWORK** is a foreign limited liability company that may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite

620, Austin, Texas 78701-3218.

### III. Jurisdiction and Venue

Damages are in excess of the jurisdictional limits of this Court.

Plaintiff **JESUS YANEZ** seeks monetary relief in the alternative, as set forth by Rule 47(c)(1)-(5) of the Texas Rules of Civil Procedure. Plaintiff demands judgment for all other relief to which Plaintiff deems himself justly entitled under Rule 47(d) of the Texas Rules of Civil Procedure.

Venue is proper in Hidalgo County, Texas, under Section 15.002(a)(1) of the Texas Civil Practice & Remedies Code, in that all or a substantial part of the events or omissions giving rise to the claim occurred in Hidalgo County, Texas. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(1) (West 2019).

Venue is proper under Section 15.002(a)(4) of the Texas Civil Practice & Remedies Code, if Subdivisions (1), (2), and (3) do not apply, as Plaintiff resided in Cameron County at the time of the accrual of the cause of action. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(4) (West 2019).

Defendants do business in the State of Texas in accordance with the Texas long-arm statute and have established minimum contacts with Texas and maintenance of the suit does not offend traditional notions of fair play and substantial justice. *See* Tex. Civ. Prac. & Rem. Code Ann. §17.042 (West 2019).

### IV. Exhaustion of Administrative Remedies

Plaintiff **JESUS YANEZ** exhausted his administrative remedies prior to filing suit.

On or about November 2, 2018, **YANEZ** submitted to the Texas Workforce Commission Civil Rights Division (TWCCRD) his Employment Discrimination Complaint Form for

processing.

On or about January 15, 2019, **YANEZ**'s Charge of Discrimination was received by TWCCRD. It is incorporated herein for all purposes.

The Charge of Discrimination was dual filed with the TWCCRD and the EEOC.

On or about January 29, 2020, TWCCRD issued its Notice of Dismissal and Right to File Civil Action for TWCCRD Charge No. 1A19421. Plaintiff **YANEZ** received the document on or about February 10, 2020.

Plaintiff **YANEZ** is bringing this action within 60 days from the receipt of the Notice of Dismissal and Right to File Civil Action from the TWCCRD, as extended by the Supreme Court of Texas due to the COVID-19 pandemic.

On or about June 17, 2020, the EEOC issued its Notice of Right to Sue for EEOC Charge No. 31C-2019-00398.

Plaintiff **YANEZ** is bringing this action within 90 days from the receipt of the Notice of Right to Sue.

## V. Tolling of Limitations

In Misc. Docket No. 20-9091, the Supreme Court of Texas issued its Twenty-First Emergency Order Regarding the Covid-19 State of Disaster. At ¶3, the Order in relevant part states: "Any deadline for the filing or service of any civil case that falls on a day between March 13, 2020, and September 1, 2020, is extended until September 15, 2020. This does not include deadlines for perfecting appeal or for other appellate proceedings, requests for relief from which should be directed to the court involved and should be generously granted. "

## VI. General Allegations

On or about May 29, 2001, **DISH NETWORK** (hereinafter "**DISH**") hired Plaintiff

**JESUS YANEZ** as customer service representative at the El Paso, Texas location. **YANEZ** was a loyal, dedicated, and hard working employee.

Through the years, **YANEZ** was promoted several times. He was promoted to Coach Supervisor in or about 2002 and then moved to Harlingen, Cameron County, Texas in 2003 with a supervisory position.

In or about 2004, **YANEZ** was promoted in Harlingen to Manager of Customer Service (Sales and Customer service).

In or about August 2014, **YANEZ** was promoted yet again to Senior Operations Manager (site leader in training), being transferred back to **DISH's** location in El Paso, Texas. He held this position until his last day of employment on or about May 4, 2018.

On or about March 16, 2018, **YANEZ**'s immediate supervisor and Regional Director of Operations, Brett Kellner, discussed with **YANEZ** his Annual Performance Appraisal via videoconferencing. Kellner stated that he did not believe **YANEZ** was a "fit-leader" based on performance not meeting expectations. Kellner stated that **YANEZ** "lacked communication skills" and "did not see **YANEZ** as a future site leader." However, this was the first time **YANEZ** had received poor feedback in almost eighteen years of work with **DISH**. He was surprised and felt off guard because he had always performed above and beyond expectations with stellar reviews. **YANEZ** was doing his job and exceeding all expectations. He was meeting performance metrics and customer satisfaction was very good at the site **YANEZ** managed. He executed in all directives that Kellner or corporate required of him and he felt there was no apparent reason for his poor Annual Performance Appraisal. He had never been under a Performance Improvement Plan (PIP) and was not placed under a PIP that day. Kellner never discussed in detail the evaluation and declined to discuss specifics when **YANEZ** questioned the

appraisal's conclusions. When **YANEZ** asked him if he was to be placed under a PIP or given the chance to improve, Kellner responded: "No." **YANEZ** never saw his Annual Performance Appraisal, never received a copy, and was never offered a copy to sign.

From March 16, 2018 to May 4, 2018, Kellner put a lot of pressure on **YANEZ** to resign. Kellner would harass and call **YANEZ** constantly to see if **YANEZ** was ready to leave on his own. From that point forward, Mr. Kellner took over **YANEZ**'s duties who was in fact demoted. **YANEZ** felt retaliated against and humiliated in front of his inferiors, superiors and other employees. The employees **YANEZ** supervised started to report directly to Kellner, so **YANEZ** was automatically ignored in his decisions and humiliated. Kellner would have meetings with the employees **YANEZ** would normally meet without being notified. For the day-to-day operational tasks, hiring, daily communications and operations, Kellner would reach out to **YANEZ**'s managers instead of coming to **YANEZ**. Kellner also asked **YANEZ** to leave voluntarily with two weeks of pay and pressured him saying that he would not receive the two weeks compensation if he was to get fired.

About two weeks before May 4, 2018, Kellner told **YANEZ** that he had found " a man" for **YANEZ'**s position as Senior Operations Manager. The person to take over would be Aaron Saunders, a young white male in his thirties out of **DISH**'s offices in Denver, so Kellner said he had decided that **YANEZ** would get paid for the last two weeks of work after all, but that he wouldn't need to come to work because his replacement would take over. He also asked **YANEZ** to sign a resignation letter, but **YANEZ** refused. Kellner attempted to fire him that day but after talking to HR, he was persuaded to keep him. Kellner finally fired him on May 4, 2018, but the latest discrimination took place on May 7, 2018, **YANEZ**'s first day without work and pay.

YANEZ was never given the opportunity to apply for the Site Leader position in El Paso.

DISH's alleged reasons for YANEZ's employment termination are mere pretext.

### VII. Claims

Under Rule 48 of the Texas Rules of Civil Procedure, the following claims are alleged jointly and/or alternatively, with consistent and/or inconsistent facts and remedies, as follows:

Plaintiff YANEZ sues for unlawful employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and/or other applicable statutes, including Chapter 21 of the Texas Labor Code.

YANEZ incorporates the general allegations set forth at Section VI. as if fully copied and set forth at length.

YANEZ contends he was discriminated against due to his age and national origin and was retaliated against for not agreeing to separate from his employment voluntarily.

YANEZ is a member of a protected class. He is a Hispanic male person over the age of 40. He was 45 years of age at the time of the discriminatory action by DISH.

YANEZ was qualified for the position he held as Senior Operations Manager with DISH.

YANEZ was qualified for the position he sought as Site Leader at DISH's location in El Paso, Texas.

YANEZ would show that he was treated less favorably than others similarly situated as him and none of whom are Hispanic or whom are Hispanic males over the age of 40 or who are close to YANEZ's age.

YANEZ would further show that he was treated less favorably than Brett Kellner and Aaron Saunders, all whom were similarly situated to YANEZ and none of whom are Hispanic,

or Hispanic males over the age of 40.

**YANEZ** would show that he suffered an adverse employment decision in that he was terminated by **DISH** on or about May 4, 2018.

**YANEZ** would show that there was no legitimate, nondiscriminatory reason for the adverse employment decision taken against him. **YANEZ** would further show that **DISH**'s reason for **YANEZ**'s termination was a mere pretext for discrimination, and that even if **DISH**'s reason is true to some degree, which **YANEZ** denies, that discrimination was another motivating factor for the adverse employment action against him.

**YANEZ** asserts that **DISH** has over 600 employees.

**YANEZ** sues **DISH** for unlawful employment discrimination and retaliation and seeks all available relief, whether legal or equitable, as allowed by federal law including but not limited to, compensatory damages, liquidated damages, attorney's fees and equitable relief under 29 U.S.C. §626(b), 42 U.S.C. §2000e-5(g), and 42 U.S.C. §2000e-5(k).

**YANEZ** sues **DISH** for unlawful employment discrimination and retaliation in violation of Chapter 21 of the Texas Labor Code.

**YANEZ** seeks compensatory damages including, but not limited to damages under Section 21.2585 of the Texas Labor Code. Plaintiff seeks equitable relief under Section 21.258 of the Texas Labor Code.

**YANEZ** seeks, under Section 21.259 of the Texas Labor Code, his costs and attorney's fees, including compensation for reasonable expert fees.

## VIII. Damages

**YANEZ** sues for specific performance and/or prohibitive and/or affirmative injunctive relief. **YANEZ** sues for damages sustained in the past and which, in reasonable probability will

sustain in the future, including, but not limited to, actual damages, pecuniary damages, compensatory damages, exemplary damages, back pay, reasonable and necessary attorney's fees, court costs and all damages allowed under the statutory claims asserted.

### IX. Jury Demand

Plaintiff **JESUS YANEZ** requests a trial by jury and hereby tenders the appropriate jury fee.

### X. Prayer

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff **JESUS YANEZ** prays that upon trial of this suit, he receives specific performance and/or prohibitive and/or affirmative injunctive relief and recovers from Defendants **DISH NETWORK, L.L.C. d/b/a DISH NETWORK** and **ECHOSPHERE, L.L.C. d/b/a DISH NETWORK** compensatory damages, actual damages, exemplary damages, back pay, front pay, attorney's fees, all statutory damages allowed by law, costs of court, pre-and post-judgment interest, and such other and further relief to which he may be justly entitled.

Respectfully submitted,

MACARENA ORTIZ
State Bar No. 24086123
ORTIZCOTROLAW, P.L.L.C.
3805 Plantation Grove Blvd, Ste. 20
McAllen, Texas 78501
Telephone No. 956.997.0120
Facsimile No. 956.519.3537
macarena.ortiz@ortizcotrolaw.com

DALE & KLEIN, L.L.P.
1100 E. Jasmine, Ste. 202
McAllen, Texas 78501
Telephone No. 956.687.8700
Facsimile No. 956.687.2416
office@daleklein.com

*/s/ William D. Mount, Jr.*
KATIE PEARSON KLEIN
State Bar No. 11561900
WILLIAM D. MOUNT, JR.
State Bar No. 14602950
**ATTORNEYS FOR JESUS YANEZ**

**Dated: September 15, 2020.**