UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

|  |  |  |
|---|---|---|
| **JESUS YANEZ,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § § | EP-21-CV-00129-FM |
| **DISH NETWORK, LLC, et al.,** | § § § | |
| **Defendants.** | § | |

## ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

Before the court is "Plaintiff Jesus Yanez's Motion for New Trial and/or Motion to Alter or Amend Judgment" [ECF No. 43], filed April 4, 2024, by Jesus Yanez ("Plaintiff"). Therein, Plaintiff requests that this Court vacate its final judgment dismissing his case and reinstate it.[1] DISH Network L.L.C. and Echosphere, L.L.C. (collectively, "Defendants") oppose Plaintiff's motion.[2] For the following reasons, the Court denies Plaintiff's motion to alter or amend judgment.

### I.   BACKGROUND & PROCEDURAL HISTORY

Plaintiff filed his Original Petition on September 15, 2020, in Texas state court asserting claims under Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, and Chapter 21 of the Texas Labor Code.[3] Defendants timely removed on October 29, 2020, predicated

---

[1] *See generally* "Plaintiff Jesus Yanez's Motion for New Trial and/or Motion to Alter or Amend Judgment," ECF No. 43, filed April 4, 2024.

[2] "Defendants' Response to Plaintiff's Motion for New Trial and/or Motion to Alter or Amend Judgment" 1–2, ECF No. 44, filed April 18, 2024.

[3] "Notice of Removal" 1, ECF No. 1, filed Oct. 29, 2020.

1

on both federal question and diversity jurisdiction.[4] Following removal, Defendants filed a motion to compel arbitration and dismiss or stay the action.[5] In its motion, Defendants argued that Plaintiff "acknowledged and signed an Arbitration Agreement" when he became an employee of DISH.[6] Ultimately, Magistrate Judge Ronald G. Morgan granted Defendants' motion to compel arbitration, stayed the case pending arbitration, and transferred the case from Brownsville to the Western District of Texas, El Paso Division.[7] United States District Judge Fernando Rodriguez, Jr. overruled Plaintiff's objections to the Magistrate's ruling and the case was transferred.

Having now been transferred and stayed pending arbitration, this Court issued a show cause order requesting a status update on the matter.[8] The parties then submitted a status update.[9] Over roughly the next two years, a series of show cause orders were entered as the parties would not provide an update to the court otherwise.[10] To clarify any misunderstandings for the parties, on June 22, 2023, the Court issued a notice to the parties that laid out in no uncertain terms, "[t]he next status update, regardless of when appointment of an arbitrator is resolved, is due on September 7, 2023, and *every ninety days* after until stay is lifted. Failure to timely meet court deadlines will

---

[4] *Id*. at 2–5.

[5] "Defendants' Motion to Compel Arbitration and Dismiss or, in the Alternative, Stay the Action" 1, ECF No. 5, filed Dec. 1, 2020.

[6] *Id*. at 5.

[7] "Order" 20, ECF No. 27, entered April 23, 2021.

[8] *See* "Order to Show Cause," ECF No. 32, entered Oct. 8, 2021.

[9] "Joint Status Report," ECF No. 33, filed Nov. 3, 2021.

[10] *See generally* "Second Order to Show Cause," ECF No. 35, entered Aug. 24, 2022; "Joint Status Report," ECF No. 36, filed Aug. 31, 2022; "Third Order to Show Cause," ECF No. 37, entered June 2, 2023; "Joint Status Report," ECF No. 38, filed June 9, 2023.

result in the dismissal of this action for failure to prosecute."[11] While the Defendants timely filed joint status updates on September 7, 2023, and December 6, 2023,[12] ultimately, the parties yet again failed to file a timely status update on March 5, 2024. Therefore, on March 7, 2024, as per the notice to the parties, the Court, using its inherent powers, dismissed the case without prejudice.[13] Plaintiff subsequently filed the motion currently pending before the Court.

## II.  LEGAL STANDARD

Plaintiff timely filed a Federal Rule of Civil Procedure 59(e) motion.[14] The Fifth Circuit has stated that "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[15] Rule 59(e) motions "are for the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence."[16] Additionally, "Rule 59(e) allows a party to alter or amend a judgment when there has been an intervening change in the controlling law."[17] District courts have "considerable discretion in deciding whether to reopen a case under Rule 59(e)."[18]

---

[11] "Notice to the Parties," ECF No. 39, entered June 22, 2023 (emphasis added).

[12] "Joint Status Report," ECF No. 40, filed Sep. 7, 2023; "Joint Status Report," ECF No. 41, filed Dec. 6, 2023.

[13] "Final Judgment and Dismissal," ECF No. 42, entered Mar. 7, 2024.

[14] FED R. CIV. P. 59(e) (A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Plaintiff filed his motion on April 4, 2024, which was exactly 28 days after the dismissal and final judgment order was entered).

[15] *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

[16] *Faciane v. Sun Life Assurance Co. of Canada*, 931 F.3d 412, 423 (5th Cir. 2019).

[17] *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (citing *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567–68 (5th Cir. 2003)).

[18] *Edward H. Bohlin Co. v. The Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."[19] "[A] judgment should not be set aside except for substantial reasons."[20]

## III. DISCUSSION

Recall that vacating the Court's "Final Judgment" and reinstating the case is an "extraordinary remedy that should be used sparingly." The party requesting Rule 59(e) relief will not receive it unless he can show it is for the purpose of: (1) correcting manifest errors of law or fact; (2) presenting newly discovered evidence; or (3) showing that there has been an intervening change in the controlling law.[21]

As Plaintiff correctly states in his motion, "[a] district court has the inherent power to manage its own affairs to achieve the orderly and expeditious disposition of cases."[22] A federal court's "inherent powers" were upheld in the seminal Supreme Court case *Link v. Wabash R. Co.*; where the Court upheld a district court's dismissal for failure to prosecute after "petitioner's counsel did not appear at the pretrial conference . . . and finding that counsel had failed 'to indicate a reasonable reason' for his nonappearance."[23] In a footnote, the Court also noted that a federal trial court did not need to rely on an explicit federal rule nor local rule because "Federal Rule of Civil Procedure 83 expressly provides that 'in all cases not provided for by rule, the district courts may regulate their practice in any manner not inconsistent with these rules.'"[24]

---

[19] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

[20] *Id.*

[21] *Rollins,* 8 F.4th at 396.

[22] "Plaintiff Jesus Yanez's Motion for New Trial and/or Motion to Alter or Amend Judgment" 3, ECF No. 43, filed April 4, 2024 (citing *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009)).

[23] 370 U.S. 626, 628–30 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

[24] *See Id.* at 633 n.8.

With these principles in mind, none of Plaintiff's arguments in their motion pass muster. While Plaintiff does not explicitly state what permissible 59(e) argument he makes, it appears to be "correcting manifest errors of law or fact." In short, Plaintiff's arguments are that he was not aware he had to file joint status reports every 90 days until the Court's June 22, 2023, order, that the Court did not identify the source of power for its mandated timeframe, and that its dismissal was too harsh a penalty given the situation.[25]

As per *Link*, the Court need not identify an explicit federal or local rule from which its 90-day docket management rule for stayed cases originates. This rule complies with the intent of Federal Rule of Civil Procedure 1 which states that the rules of civil procedure are to "be employed by the court and the parties to secure just, speedy, and inexpensive determination of every action and proceeding."[26] The Court applies this rule to stayed cases on its docket to ensure the parties are prosecuting and achieving "speedy and inexpensive" determination of their cases in arbitration. Thus, it squarely falls within the inherent powers a federal trial court possesses.

Plaintiff is correct that he was not made aware of strict compliance to 90-day status reports until June 22, 2023; however, once notified, he was keenly aware. The Court stated in very clear language, "[t]he next status update, regardless of when appointment of an arbitrator is resolved, is due on **September 7, 2023,** and every ninety days after until stay is lifted. Failure to timely meet court deadlines will result in the dismissal of this action for failure to prosecute. There will not be a fourth show cause order in this case."[27] This language leaves nothing to the imagination, and, from this point, the parties were on notice of their continuing obligation to the Court. Following

---

[25] *See* "Plaintiff Jesus Yanez's Motion for New Trial and/or Motion to Alter or Amend Judgment" 3–4, ECF No. 43, filed April 4, 2024.

[26] FED. R. CIV. P. 1.

[27] "Notice to the Parties," ECF No. 39, entered June 22, 2023.

5

the notice, the parties timely filed the next two status updates but then missed the third. True to the Court's warning, the case was dismissed for failure to prosecute.

In his motion, Plaintiff includes a declaration from his counsel that states—on the day the joint status report was due—"lead counsel [was] having a doctor's visit in San Antonio, Texas," and "[t]he undersigned counsel had a hearing in a Texas state district court in Hidalgo County at 8:30 a.m. . . . the undersigned counsel prepared for and attended a hearing that took place at 4:00 p.m. in the United States District Court for the Southern District of Texas McAllen Division."[28] Regardless of the reasons, excuses, or negligence of counsel, the Fifth Circuit has continuously held that a party's explanations for failing to adhere to court deadlines or orders does not constitute relief under 59(e)'s standards.[29] Consistent with Fifth Circuit precedent, filing court mandated status reports was within Plaintiff's counsel's "reasonable control" and they were "on notice" that dismissal was a potential consequence for failure to file. Therefore, it is not a "manifest error of law" for this Court to dismiss the case.

A. *Change in the Law after Smith v. Spizzirri*

While Plaintiff did not include this argument in his motion—instead it was in his reply to Defendants' response—it raises an important point to consider. Plaintiff stated that the Supreme

---

[28] *See generally* "Declaration of William D. Mount, Jr.," ECF No. 43–2, filed April 4, 2024.

[29] *See Rollins*, 8 F.4th at 396 (holding it is not "manifest error to deny relief when failure to file was within [Rollins's] counsel's 'reasonable control'" after plaintiff's counsel failed to file a response to the defendant's motion to dismiss because of "defective antivirus software diverted court emails to a spam folder."); *see also In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 837 F. App'x 267, 277 (5th Cir. 2020) (per curiam) (holding that the district court did not abuse its discretion when it denied plaintiff's rule 59(e) motion after plaintiff's case was dismissed for failing to timely file a PFS. "Clark was 'on notice that dismissal with prejudice was a potential consequence of her inaction.'"); *see also Trevino v. City of Fort Worth*, 944 F.3d 567, 571 (5th Cir. 2019) (per curiam) ("Failure to file a response to a motion to dismiss is not manifest error of law or fact. Nor is it a manifest error to deny relief when failure to file was within Plaintiffs' counsel's 'reasonable control.'"); *see also Gonzalez v. State Fair of Texas*, 235 F.3d 1339 (5th Cir. 2000) (per curiam) (holding that the district court did not abuse its discretion in denying Rule 59(e) relief after plaintiff's attorney was "preoccupied with a trial for another client," and failed to respond to a motion for summary judgment).

Court was, at the time, considering *Smith v. Spizzirri* which involved determining whether a case that falls under the Federal Arbitration Act ("FAA") could be stayed or dismissed, and Plaintiff argued that this Court should reinstate his case pending the Supreme Court's decision.[30] In essence, Plaintiff argued that a change in the controlling law was potentially imminent depending on the Supreme Court's decision. Since then, the Supreme Court issued its holding in *Smith v. Spizzirri* which stated that "[w]hen a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding."[31]

In the Fifth Circuit, it was beyond repudiation that a district court had the discretion to stay or dismiss a lawsuit which involved an arbitrable dispute.[32] However, *Smith* has, at the very least, made it clear that under the FAA a district court no longer has discretion to dismiss a case as opposed to staying it when there are arbitrable issues. Thus, the question before this Court is whether the holding in *Smith* changed the controlling law insofar that a district court dismissing an *already stayed case* pending arbitration is no longer legally permissible. For the following reasons, this Court does not believe *Smith* has done so.

The Court reached this conclusion based on a few key passages in the Supreme Court's opinion. The first, and most notable passage, is found in footnote 2 in *Smith*. In it, the Court lays out that even though a court does not have discretion to dismiss the suit on the basis that all the claims are subject to arbitration, "[t]hat is not to say that the court is barred from dismissing the

---

[30] "Plaintiff's Reply to Defendants' Response to Plaintiff's Motion for New Trial and/or Motion to Alter or Amend Judgment" 1, ECF No. 45, filed April 25, 2024.

[31] *Smith v. Spizzirri*, 144 S. Ct. 1173, 1178 (2024).

[32] *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992), abrogated by *Smith*, 144 S. Ct. at 1174 ("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration.").

suit if there is a separate reason to dismiss, unrelated to the fact that an issue in the case is subject to arbitration."[33] The Court went on to use lack of jurisdiction as an example in which § 3 is no bar to dismissal of the suit.[34] Thus, at minimum, there is at least one valid "separate reason" in which a court can dismiss a case under the FAA.

The second key passage comes near the end of the *Smith* opinion. The Court states, "[d]istrict courts can, of course, adopt practices to minimize any administrative burden caused by the stays that § 3 requires."[35] The type of practices adopted will vary by district and individual court. The key is that courts must adhere to the proviso in *Link*—"Federal Rule of Civil Procedure 83 expressly provides that 'in all cases not provided for by rule, the district courts may regulate their practice in any manner not inconsistent with these rules'"[36]—when issuing administrative and docket management orders to parties in stayed cases. So long as that is the case, validly issued local rules, or internal court practices under Rule 83, are in accordance with the Supreme Court's *Smith* holding.

As discussed earlier, this Court's practice regarding stayed cases is to require periodic status updates to ensure the parties are moving towards a resolution and to monitor if Court intervention is needed or forthcoming. Such a rule is in line with the spirit and intent of the Federal Rules of Civil Procedure. This Court is not the only one with such a practice.[37] Nor is this Court

---

[33] *Id*. at 1176 n.2.

[34] *Id*. (citing *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005)).

[35] *Id*. at 1178.

[36] *Link*, 370 U.S. at 633 n.8.

[37] *See, e.g., Karter v. Sunvest Communities USA, LLC*, No. 2:08-CV-00746-JCM, 2012 WL 6800636 *5 (D. Nev. Sept. 27, 2012), report and recommendation adopted, No. 2:08-CV-746 JCM PAL, 2013 WL 69225 (D. Nev. Jan. 3, 2013) (The district court granted a motion compelling arbitration and stayed the case. The court stated that there would be periodic status checks regarding the status of arbitration and informed the parties to exercise their best faith effort to complete arbitration within ninety days).

the only one that, ultimately, dismissed a case after parties repeatedly failed to follow court orders and prosecute their case in arbitration.[38]

Similar to the facts in *Karter*, since this case was removed on October 29, 2020, the parties appeared no closer to resolution on March 7, 2024. Prior to dismissal, the most recent joint status report simply stated that an evidentiary hearing was scheduled for January 30 – February 1, 2024, and that the hearing was continued to October 15-17, 2024.[39] This followed reports in which the parties had already moved the evidentiary hearing previously and that the parties could not mutually agree on the appointment of an arbitrator.[40]

Following *Smith*, it is clearly impermissible for a trial court to dismiss an action, as opposed to staying it, if the parties validly sought arbitration or filed a motion to compel arbitration pursuant to the FAA. This case was properly stayed following Defendants' motion to compel arbitration;[41] therefore, the primary holding of *Smith* was adhered to. However, this Court believes that *Smith* still allows a trial court to dismiss a stayed FAA case so long as there is a valid "separate reason" to do so. Further, this Court holds that a valid "separate reason" exists when the court has docket management orders in place and the parties fail to adhere to the court's orders or fail to prosecute

---

[38] *See Id*. at *6–10 (For four years the parties failed to complete arbitration for a myriad of reasons; including, delaying in selecting an arbitrating body, multiple discovery fights, and attorney withdrawal & admission complications. In its report and recommendation, the Magistrate Judge concluded that, "this case has been on the court's docket for more than four years, and is no closer to resolution than the day it was removed on June 9, 2008. There comes a point on the court's congested docket when enough is enough.").

[39] See "Joint Status Report," ECF No. 41, filed Dec. 6, 2023.

[40] *See* "Joint Status Report," ECF No. 40, filed Sep. 7, 2023; *see also* "Joint Status Report," ECF No. 33, filed Nov. 3, 2021.

[41] "Order" 20, ECF No. 27, entered April 23, 2021.

their case in arbitration. Thus, *Smith* did not change the controlling law as to the Court's actions here.

Accordingly, it is **HEREBY ORDERED** that "Plaintiff Jesus Yanez's Motion for New Trial and/or Motion to Alter or Amend Judgment" [ECF No. 43] is **DENIED**.

**SIGNED AND ENTERED** this **14th** day of **June 2024.**

_____
**FRANK MONTALVO**
**SENIOR UNITED STATES DISTRICT JUDGE**